IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HIRAM RIOS-CORIANO, in his own capacity and as representative of the Legal Conjugal partnership with his wife,<br><br>**Plaintiffs**,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE CO. & ISLAND FINANCE CORP.,<br><br>**Defendants**. | CIVIL NO. 05-1906 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

On December 14, 2005, plaintiff Hiram Rios-Coriano ("Rios" or "plaintiff") filed a complaint against defendants Hartford Life and Accident Insurance, Co. ("Hartford") and Island Finance Corporation ("Island Finance"). (Docket No. 4-2) The complaint alleges that Hartford and Island Finance violated Rios's rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). (Docket No. 4-2, ¶ 1) Rios plead a second cause of action for emotional distress under the Puerto Rico General Tort Statute, Article 1802 of the Civil Code, P.R.Laws Ann. tit. 31, § 5141. (Docket No. 4-2, ¶ 1) Hartford and Island Finance filed separate motions for summary judgment and supporting statements of

---

[1] Armando J. Velasco, a second-year student at Tulane University Law School, assisted in the preparation of this opinion.

Civil No. 05-1906 (FAB)                                                    2

material facts.  (Docket Nos. 16-18, 23)  Hartford also filed a brief in support of summary judgment.  (Docket No. 26)  Rios opposed both summary judgments but his oppositions were stricken from the record for failure to provide the proper support.  (Docket No. 45)  Therefore, both motions for summary judgment stand unopposed.  Id.

For the reasons set forth below, the Court **GRANTS** defendants' motions for summary judgment.

**Factual Background**

Rios was a branch manager of one of Island Finance's offices in Puerto Rico. (Docket No. 23, ¶ 1)  As part of his employment, Rios was a beneficiary in a Group Long Term Disability Benefits plan ("LTDP") offered by Island Finance and underwritten and administered by Hartford. (Docket No. 23, ¶ 2) The LTDP is an "employee welfare benefit plan"[2] governed by ERISA. (Docket No. 23-2, p. 27-28)

Pursuant to the terms of the LTDP, one must be totally disabled, as the term is defined by the LTDP (hereinafter abbreviated to "totally disabled"), to receive benefits. (Docket No. 23, ¶ 4)  On September 9, 1998, Rios submitted a claim for

---

[2] Under ERISA, "employee welfare benefit plan" means "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or its beneficiaries, through the purchase of insurance or otherwise, medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1102.

Civil No. 05-1906 (FAB)                                              3

benefits to Hartford. (Docket No. 23, ¶ 3)  A month later, Hartford found that Rios was totally disabled and granted his request for benefits.  (Docket No. 23, ¶ 7)  Pursuant to the LTDP, as a beneficiary Rios would receive benefit payments until the day he was no longer totally disabled or the day he failed to furnish proof, when requested by Hartford, that he continued to be totally disabled.  (Docket No. 23-2, p. 20)  On February 8, 1999, Hartford terminated Rios's benefits claiming that Rios did not provide sufficient proof of disability that he continued to be totally disabled. (Docket No. 23, ¶ 10)  Rios then submitted additional proof of disability. (Docket No. 23, ¶ 11)  Satisfied with the newly acquired evidence, Hartford reinstated Rios's benefits on June 15, 2000. Id.  On January 15, 2001, however, after finding that the proof of disability on file did not demonstrate that Rios continued to be totally disabled, Hartford permanently terminated Rios's benefits. (Docket No. 23, ¶ 15)

After Hartford's internal appeals process upheld the decision to terminate benefits (Docket No. 23, ¶ 19), Rios filed suit on August 25, 2005 against Hartford and Island Finance under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B),[3] and Article 1802 of the Civil Code, P.R.Laws Ann. tit. 31, § 5141. (Docket No. 4-2).

---

[3] Section 502(a)(1)(B) of ERISA provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the term of the plan, or to clarify his rights to future benefits under the terms of the plan."

(Docket No. 4-2)  Hartford moved for summary judgment on statute of limitations grounds.  (Docket No. 18, p. 5-11)  Island Finance moved for summary judgment on the grounds that it was the wrong defendant.  (Docket No. 16, p. 2)  Furthermore, Island Finance requested attorneys fees pursuant to Puerto Rico's Civil Procedure Rules 44.1(d) and 44.3(b).  (Docket No. 16, p. 9)

## DISCUSSION

**A.  Statute of Limitations**

Hartford argues that Rios's ERISA claim is time barred by "(1) the applicable thirty day period under Puerto Rico law for the review of administrative . . . or arbitration decisions; or, [in the alternative], (2) by the three year limitation period established under the Plan."  (Docket No. 26, p. 5)

ERISA does not contain a statute of limitations for lawsuits brought under section 502(a)(1)(B) to recover benefits.  Syed v. Hercules Inc., 214 F.3d 155, 159 (3rd Cir. 2000); Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 873 (7th Cir. 1997).  When a federal cause of action does not have a statute of limitations, a court borrows the most analogous state or federal statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266-267 (1938); Doe, 112 F.3d at 873.  "Choosing which state statute to borrow is unnecessary, however, where the parties have contractually agreed upon a limitations period," provided the limitations period is reasonable.   Northlake Reg'l Med. Ctr. v. Waffle House Sys.

Civil No. 05-1906 (FAB)                                                 5
_____

Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998); see United Commercial Travelers v. Wolfe, 331 U.S. 586, 608 (1947); Doe, 112 F.3d at 874.

    The LTDP contains a limitation of action provision which requires a plan beneficiary to bring suit "3 years after the time written [proof of total disability] is required to be furnished according to the terms of the Policy[.]"  (Docket No. 23-2, p. 26) Federal circuit and district courts have consistently held that limitations periods ranging from 90 days to three years in cases similar to this one are reasonable.  See, e.g., Northlake, 160 F.3d at 1304 (90-day limitation period); Alcorn v. Raytheon Co., 175 F.Supp.2d 117, 122 (D.Mass. 2001) (three-year limitations period); Chilcote v. Blue Cross & Blue Shield United, 841 F.Supp. 877, 880 (E.D.Wis. 1993) ("The Court finds that a three-year limitations period for a benefits action under ERISA is clearly reasonable."). This Court will follow suit and holds that the LTDP's three-year limitations period is reasonable and enforceable, especially given that a suit under ERISA "is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit."  Doe, 112 F.3d at 875.  That being said, Rios's claim will be barred if it was brought more than three years after proof of total disability was due.

Rios filed this lawsuit on August 25, 2005, three years and six months after Hartford permanently terminated his benefits on January 15, 2001.  (Docket No. 23, ¶ 23)  Proof of total disability is due prior to a final decision terminating benefits.[4]  Because the final decision terminating benefits happened three years and six months prior to the filing of his suit, Rios filed this suit more than three years after written proof of total disability was due.  Therefore, Rios's ERISA claim is **DISMISSED WITH PREJUDICE.**

Because the Court finds that Rios's lawsuit against Hartford and Island Finance is time-barred, it need not consider Hartford's arguments regarding the applicable state statute of limitations[5] nor Island Finance's other grounds for dismissal.

---

[4] Pursuant to the terms of the LTDP, "Hartford will cease [benefits] on the first to occur: (1) the date [the beneficiary is] no longer Totally Disabled; (2) the date [the beneficiary] fail[s] to furnish proof, when requested by us, that you continue to be Totally Disabled; the date [the beneficiary] refuses to be examined by a Physician, if we require such an examination; the date [the beneficiary] die[s]; or the date determined from the Maximum Duration of Benefits Table shown in the Schedule of Insurance." (Docket No. 23-2, p. 20-21)

[5] Hartford argues that the most analogous state statute of limitations is Puerto Rico's "Uniform Administrative Procedure Law," P.R. Laws Ann. tit. 3, § 2172, which requires a plaintiff seeking review of any final administrative decision to bring suit within thirty days.  (Docket No. 26, p. 7)  This Court has previously held, however, that the applicable state statute of limitations to a denial of benefits claim under ERISA is the Puerto Rico Civil Code's residual contract statute, P.R.Laws. Ann. tit. 31, § 5294, which allows a plaintiff 15 years to bring suit. Nazario v. Johnson & Johnson Baby Prods., Inc., 184 F.Supp.2d 157, 162 (D.P.R. 2002).

## B.   Preemption of Article 1802 Claim by ERISA

Rios claims that Hartford and Island Finance violated article 1802 because "the illicit negligent conduct of [Hartford and Island Finance] has caused emotional damages to the plaintiff" in the amount of $500,000.[6]  (Docket No. 4-2, ¶ 14)  The Court, however, finds that Rios's article 1802 claim is preempted by ERISA.

When evaluating an ERISA preemption issue, a court must keep in mind that ERISA's preemptive force "is so powerful as to displace entirely any state cause of action[.]"  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) (quoting Franchise Tax Bd. v. Constr. Laborers Vac. Trust, 463 U.S. 1, 23 (1983)); see Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 523 (1981) (explaining that the language of the ERISA preemption provision is "deliberately expansive, and designed to 'establish [ERISA] plan regulation as exclusively a federal concern.'").

Subject to some exceptions, ERISA preempts any state cause of action that *relates to* an ERISA plan.[7]  Danca v. Private Health Care Syss., 185 F.3d 1, 7 (1st Cir. 1999) (emphasis added); 29 U.S.C. § 1144(a)-(b) (effective as of January 1, 1975).  A state cause of action relates to an ERISA plan "if it has a connection

---

[6] When referring to Hartford and Island Finance's "illicit negligent conduct," Rios presumably refers to Hartford's denial of benefits under the LTDP.  Rios does not set forth anymore facts in support of his emotional distress claim.

[7] None of the exceptions is relevant to the case at bar.

Civil No. 05-1906 (FAB)                                                 8

with or reference to such a plan." Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985) (quoting Shaw v. Delta Air Lines, 463 U.S. 85, 96-97 (1983)).  Moreover, a state cause of action may relate to an ERISA plan "even if the [state cause of action] is not specifically designed to affect ERISA plans and even if its effect is indirect." Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 122-123 (1st Cir. 1995) (citing D.C. v. Greater Wash. Bd. Of Trade, 506 U.S. 125, 129-30 (1992)).

An emotional distress cause of action that hinges upon the same facts as an ERISA claim, like in Rios's case, necessarily requires reference to and analysis of the ERISA plan. Otero v. Pharmacia Co., 466 F.3d 13, 20 (1st Cir. 2006).  The Supreme Court recognized as such and held that an ERISA plan beneficiary may not seek emotional distress damages purely because a plan administrator has wrongfully denied benefits to the beneficiary. Pilot Life Ins. Co., 481 U.S. at 47; see also Alamo v. MCS Life Ins. Co., 283 F.Supp.2d 459, 467 (D.P.R. 2003) (holding that ERISA preempts an article 1802 emotional distress claim that relates to an ERISA plan).  Allowing Rios to recover damages under an emotional distress claim would undermine "Congress's desire to avoid a 'patchwork scheme of regulation'" in the operation of benefit programs. McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 18 (1st Cir. 1991) (quoting Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11 (1987)); see also Mass. Mut. Life Ins. Co. v. Russell, 473 U.S.

Civil No. 05-1906 (FAB)                                                  9

134, 146 (1985) ("The six carefully integrated civil enforcement provisions found in § 502(a) of [ERISA] [29 U.S.C. § 1144(a)] as finally enacted . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."). Therefore, Rios's article 1802 claim is **DISMISSED WITH PREJUDICE**.

**C.  Island Finance's Request for Attorney's Fees**

Island Finance requests attorneys fees pursuant to Puerto Rico Rule of Civil Procedure 44.1(d) and 44.3(b). (Docket No. 16, p. 9) Island Finance cites De Leon Lopez v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir. 1991) for the proposition that this Court should give effect to Rule 44.1(d) and 44.3(b). Id. De Leon Lopez does not, however, compel such a finding.  The case holds that a federal court shall use Rules 44.1(d) and 44.3(b) when evaluating a request for attorneys fees if the federal court has diversity jurisdiction and Puerto Rico law supplies the basis for the decision.  Id.  This Court's jurisdiction over Rios's ERISA claim is premised on federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction over Rios's article 1802 claim, 28 U.S.C. § 1367(a).  See (Docket No. 4-2, ¶ 1)  Because Island Finance failed to provide any relevant authority to support its request for attorneys fees pursuant to Puerto Rico Rules of Civil Procedure 44.1(d) and 44.3(b), Island Finance's request for attorneys fees is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** plaintiffs' ERISA and article 1802 causes of action. Furthermore, the Court **DENIES** Island Finance's request for attorneys fees. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 5, 2009.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE